## THE HENRY WRAPE COMPANY *v.* COX.

### Opinion deliver February 28, 1916.

1. DEEDS—QUIT-CLAIM DEED—INNOCENT PURCHASER.—A quit-claim deed is a substantive form of conveyance, and a party holding under such a deed may be entitled to protection as an innocent purchaser.

2. TITLE—LIS PENDENS—ACTION AFFECTING TITLE.—A suit affecting the title or any lien on real estate is not *lis pendens*, until a notice of pendency of the action is filed in accordance with the statute.

3. TITLE—BONA FIDE PURCHASER—QUIT-CLAIM DEED.—Where no notice of the pendency of a suit affecting the title to land was filed, as required by the *lis pendens* statute, and the purchaser took a quit-claim deed from its immediate grantor without notice of an outstanding conveyance or obligation respecting the property, or notice of facts which, if followed up, would have led to knowledge of an outstanding conveyance or equity, then the purchaser is entitled to protection as a *bona fide* purchaser upon showing that the consideration stipulated had been paid, and that such consideration was a fair price for the claim or interest designated.

4. APPEAL AND ERROR—EVIDENCE—NECESSITY FOR SUBSTANTIAL EVIDENCE.—There must be some evidence of a substantial character to uphold a verdict of the jury, or the finding of fact made by a court sitting without a jury.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

### STATEMENT BY THE COURT.

Henry Wrape Company instituted this action in ejectment against Sarah I. Cox and F. E. Cox to recover forty acres of land in White County, Arkansas. The plaintiff acquired title to the land by mesne conveyances from the State of Arkansas. The immediate grantor of the plaintiff was the Stecher Cooperage Works, a corporation. That corporation conveyed the land to the plaintiff by a quit claim deed executed on May 18, 1910. The consideration stated in the deed was $1 but the actual consideration paid was $8.50 per acre, which was an adequate price for the land.

Frank Wrape, one of the stockholders and the treasurer of the plaintiff company, testified that he was on the land just after his corporation bought it, that at that time there were no improvements on it, and that no one was in possession of it. He testified that at the time plaintiff purchased the land it was not known that the defendant Sarah I. Cox had any litigation with the Stecher Cooperage Works; that the Stecher Cooperage Works sold and conveyed to plaintiff a number of tracts of land at the time the land in controversy was conveyed, and that a warranty deed was executed for all of these lands except the forty acres in controversy and another forty acre tract; that the reason the quitclaim deed was executed to the forty acre tract in controversy was that a man named Hibbard had obtained a judgment awarding him possession of the land; that the plaintiff company did not know that the defendant claimed any interest whatever in the land; that in the early part of 1911 plaintiff sold the timber on said land to one McHale; and that in December, 1911, the witness in company with McHale had a conversation with the defendant F. E. Cox, at a hotel in Bald Knob, Arkansas, and that in the course of the conversation Cox informed him that his wife claimed title to the land.

McHale testified that he bought the timber on the land in controversy in the early part of 1911; that the timber on it was worth about $50; that he was on the land soon after he purchased it and that the land was wild and unimproved and that no one was in possession of it; that he was present at a hotel in Bald Knob in December, 1911, when Frank Wrape had a conversation with F. E. Cox concerning the title to the land in controversy and that Cox at that time said his wife claimed title to the land.

On the part of the defendant it was shown that the Stecher Cooperage Woorks filed a petition in the chancery court to confirm its title to certain lands in White County, the land in controversy being embraced in the suit, and that in December, 1908, Sarah I. Cox, defendant, filed an intervention in which she claimed title to the forty acres in controversy. In December, 1911, the court found that Sarah I. Cox had been in adverse possession of said lands for more than seven years and it was decreed that the petition of the Stecher Cooperage Works as to said land be dismissed and the title of Sarah I. Cox in the same be quieted as against all claims of the Stecher Cooperage Works.

Other facts will be referred to in the opinion.

The court, sitting without a jury, found for the defendants and dismissed the complaint of the plaintiff. It awarded defendants damages in the sum of $50.

The plaintiff appealed.

*Brundidge & Neely,* for appellant.

Plaintiff was an innocent purchaser of the land. No notice of *lis pendens* was filed as required by Kirby's Digest, § 5149. Nor had plaintiff any actual notice, nor was any one in possession when it was purchased. 118 Ark. 139; 98 Ark. 109; 87 *Id.* 64; 75 *Id.* 228; 36 Law. Ed. U. S. 527; 25 Cyc. 1465.

*J. N. Rachels* and *John E. Miller,* for appellees.

1. The evidence shows conclusively that appellant was not a *bona fide* purchaser. 95 Ark. 586. If it pur-

chased with actual knowledge of the pendency of litigation it cannot complain that no *lis pendens* notice was filed. 94 Ark. 141; 98 *Id.* 109. The burden of proving it was an innocent purchaser devolves upon it. 75 Ark. 228; 80 *Id.* 86; 103 *Id.* 425. The trial court has found against it on this question of fact and this court will not reverse. 92 Ark. 41; 90 *Id.* 494, 512; 82 *Id.* 188, 260.

2. Appellant can not claim to be an innocent purchaser as it held under a quitclaim deed, which charges notice. 50 Ark. 322; 103 *Id.* 429; 23 *Id.* 735; 145 U. S. 492; 29 L. R. A. 34; 63 S. E. 180; 162 Mich. 585; 139 S. W. 384; 145 *Id.* 1041; 69 Wash. 386.

HART, J. (after stating the facts.) (1) In this state a quitclaim deed is a substantive form of conveyance and a party holding under such deed may be entitled to protection as an innocent purchaser. *Brown* v. *Nelms,* 86 Ark. 368, and cases cited. See also *McDonald* v. *Belding,* 145 U. S. 492.

(2) The common law and equity rule of *lis pendens* has been abrogated in this state by statute. Since the passage of the statute a suit affecting the title or any lien on real estate is not *lis pendens* until a notice of the pendency of the action is filed in accordance with the statute. *Steele* v. *Robertson,* 75 Ark. 228; *Hudgins* v. *Schultice,* 118 Ark. 139.

(3) In the case before us there was no notice of the pendency of the suit filed as required by section 5149 of Kirby's Digest. Therefore, under the authorities above referred to, if the plaintiff took the quitclaim deed from its immediate grantor without notice of an outstanding conveyance or obligation respecting the property, or notice of facts which, if followed up, would have led to knowledge of such outstanding conveyance or equity, it was entitled to protection as a *bona fide* purchaser upon showing that the consideration stipulated had been paid, and that such consideration was a fair price for the claim or interest designated. See also, *Marchbanks* v. *Banks,* 44 Ark. 48; 25 Cyc. 1452.

As we have already seen, the plaintiff paid an adequate price for the property. The record shows that the defendant Sarah I. Cox, filed an intervention in the suit of the Stecher Cooperage Works to confirm its title to certain lands including the land in controversy. The question, then, is, did the plaintiff have notice of her claim or did it have notice of facts which, if followed up, would lead to knowledge of her claim at the time the conveyance was made to it by the Stecher Cooperage Works?

Frank Wrape, who was the treasurer and also a stockholder in the plaintiff corporation, testified that the plaintiff was not in possession of such knowledge. The plaintiff bought a number of tracts of land from the Stecher Cooperage Works at the time and took a warranty deed to all of them except the forty acres in controversy and another forty-acre tract. The reason the Stecher Cooperage Works did not execute a warranty deed to the land in controversy was that a man named Hibbard had obtained judgment awarding him possession of that tract of land. The claim of the defendants Cox to the land was not considered because it was not then known that the defendants claimed any interest whatever in the land.

Frank Wrape further testified that he was on the land after the plaintiff bought it, that the land was then unimproved with no one in possession of it; and that he did not learn that the defendants claimed any interest in the land until December, 1911, several months after the land was purchased by the plaintiff.

In the main he is corroborated by the testimony of McHale to whom the plaintiff sold the timber on the land in the early part of 1911. McHale testified that he went on the land soon after he bought the timber; that no one was in possession of it at that time, and that it was then unimproved. He also testified that the first notice he had that defendants claimed any interest in the land was in December, 1911, at the time Frank Wrape had the conversation with F. E. Cox at the hotel in Bald Knob.

The testimony on the part of the plaintiff is reasonable and consistent in itself; and we do not think it is contradicted by any substantial testimony whatever. An attempt was made by F. E. Cox to contradict the testimony of the plaintiff but when his testimony is fully analyzed we do not think it tends in any manner whatever to contradict that of the plaintiff. He testified at first that there had been a house on the land but further on in his testimony stated that this house had been burned down several years before the plaintiff purchased the land. Again, he stated that he thought the conversation with the plaintiff in regard to his wife's claim to the land occured before the plaintiff had completed its purchase of the land, but when asked how he knew this, could not give any reason whatever for thinking so; and upon being further questioned, it is evident that he meant he thought the conversation occurred before the plaintiff had sold the timber on the land to McHale.

We have not attempted to set out in full the testimony of F. E. Cox, but when it is carefully considered we do not think there is anything in it from which it may be inferred that the plaintiff had any knowledge of the claim of Mrs. Cox at the time it purchased the land. In short, we think the undisputed evidence shows that the plaintiff was an innocent purchaser for value of the land.

(4) We have never adopted the scintilla rule in this State but have uniformly held that there must be some evidence of a substantial character to uphold a verdict of the jury, or the finding of fact made by a court sitting without a jury. Our opinion is that there was no testimony of a substantial character to support the finding of the circuit court in favor of the defendants.

The court, therefore, erred in finding for them and for this error the judgment will be reversed and the cause remanded for a new trial.