## CASE *v.* CADDO RIVER LUMBER COMPANY.

### Opinion delivered December 11, 1916.

DEEDS—INNOCENT PURCHASER—QUITCLAIM.—A purchaser of land will be held to be an innocent purchaser, where inquiry would have shown a perfect record title in his grantor, although he took from his grantor by quitclaim deed.

Appeal from Pike Chancery Court; *Jas. D. Shaver,* Chancellor; affirmed.

*Martin, Wootton & Martin,* for appellants.

1. The levy of the attachment was a substantial compliance with the statute and created a lien. Kirby's Digest, § 355; 11 Cal. 238; 70 Am. Dec. 775; 72 Cal. 494; 42 Kans. 177.

2. The decree is valid on collateral attack. Kirby's Digest, §§ 412-15-19; 90 Ark. 454.

3. The rights of third persons acquired in good faith under a judgment in full force are not affected by a subsequent reversal or change in such judgment. 17 Ark. 608, 682; 17 Am. & Enc. Law, 810 (2 ed.); 4 Dana (Ky.), 99; 60 Tex. 555; 16 Ill. 225; 3 Ohio, 550; 25 Cyc. 1472; 96 Mich. 525; 72 *Id.* 966; 106 U. S. 579.

*McRae & Tompkins, J. C. Pinnix* and *W. P. Feazell,* for appellees.

1. There was no valid levy of the attachment. Kirby's Digest, §§ 5365, 355; Drake on Attachment, § 236. The court obtained no jurisdiction and its judgment is void. 105 Ark. 5. It may be attacked collaterally. 89 *Id.* 160; 64 *Id.* 111. The attachment

was no lien. 69 Ark. 271. It gave the court no juris-diction. 81 Oh. St. 280; 135 Am. St. 784; 20 *Id.* 803; 63 *Id.* 424; 97 *Id.* 250; 102 *Id.* 561; 8 L. R. A. 727; 4 Cyc. 582, 583 (III), 606, 3, 613 (V).

2. The title to the land was not in W. F. Davis, the attachment defendant.

3. The Caddo ' Company bought the land, be-lieving at the time that the title had been adjudicated, and was an innocent purchaser. Appellant is estopped by delay and negligence. 95 Ark. 178; 87 *Id.* 238; 86 *Id.* 591; 60 *Id.* 453; 110 *Id.* 24; 140 Am. St. 741; 133 *Id.* 219.

WOOD, J. The appellants instituted this suit against the appellees to remove clouds from their title. Appellants, alleged in substance that they were the owners of certain lands in Pike county by having pur-chased same at a sale under a judgment rendered by the United States District Court of Arkansas in certain attachment proceedings therein pending in which the lands were levied upon and sold as the property of W. F. Davis and wife. They alleged that notice *lis pendens* was duly given of the attachment proceedings. They also alleged that the appellees were claiming title under deeds which were clouds upon appellants' title, and prayed that these deeds be canceled. The appellees set up that the writ of attachment was irregularly levied upon the lands and that such levy was therefore void. They further set up that the Graysonia-Nash-ville Lumber Company purchased the lands from the Grayson-McLeod Lumber Company in good faith and for value, and without any knowledge of the attachment and lien; that it conveyed the land to the Caddo River Lumber Company, which was also an innocent pur-chaser for value. The conclusion we have reached on the issue as to whether or not the Caddo River Lumber Company was an innocent purchaser for value makes it unnecessary to consider the other issues in the case. The facts concerning the issue as to whether or not the appellee, Caddo River Lumber Company, was an inno-

cent purchaser for value are substantially as follows: On the 5th day of May, 1909, one Will Lawrence (who at that time was the owner of the land in controversy) conveyed the land by warranty deed to one H. H. Coffman; this deed was recorded on May 6, 1909. Lawrence testified that this deed was given to secure an indebtedness to Coffman of $750, which he afterwards paid and that Coffman deeded the land back to him. It appears that this deed was never placed on record. On the 16th day of July, 1909, Lawrence conveyed the land to W. F. Davis, and on the next day the land was attached by appellants, and on July 21, 1909, *lis pendens* notice of the attachment was filed with the clerk of Pike county. On August 30, 1909, W. F. Davis conveyed the land to W. B. Davis. On February 7, 1910, Coffman (who at that time held the record deed) conveyed the land by quitclaim deed to W. B. Davis. On February 8, 1910, W. B. Davis conveyed the land to the Fort Smith & Gurdon Land & Timber Company, from whom by mesne conveyances it passed to the Caddo River Lumber Company.

The Caddo River Lumber Company at the time of its purchase of the lands in controversy had no notice by the *lis pendens* that affected its title because it did not claim under any title derived from W. F. Davis. His title was not in the chain of title of the Caddo River Lumber Company. The record title under which the Caddo Company claimed was in one Coffman and not in W. F. Davis. The quitclaim deed was sufficient to put the lumber company upon inquiry as to the title of W. B. Davis, under whom the lumber company claimed; but inquiry as to this title would have disclosed to the lumber company that W. B. Davis had a perfect record title to the lands by virtue of his quitclaim deed from Coffman. Since inquiry would have discovered that W. B. Davis had a perfect record title and would not have disclosed any defects whatever in the title of its vendor, W. B. Davis, the defense of innocent purchaser set up by the lumber company was complete and must be sustained. Al-

though holding under quitclaim deed, this was sufficient to entitle the lumber company to protection as an innocent purchaser. *The Henry Wrape Co.* v. *Cox*, 122 Ark. 445; *Miller* v. *Fraley, Greenwood & Co.*, 23 Ark. 735.

The decree appealed from herein dismissed the appellants' complaint and quieted the title in the appellees, which decree, for the reasons stated, is correct, and is, therefore, affirmed.