## BELL *v*. SOUTH ARKANSAS LAND CO.

### Opinion delivered June 4, 1917.

1. DEEDS—UNRECORDED DEED—NOTICE.—An unrecorded deed is not good as against a subsequent innocent purchaser for value.
2. DEEDS—PROOF OF TITLE—BURDEN.—Where appellee took a deed to property, giving value therefor, the burden is upon the party disputing his title to show that appellee had notice of infirmities in the title of his grantor.
3. DEEDS—INNOCENT PURCHASER—QUITCLAIM.—A quitclaim deed in the line of appellee's title does not of itself bar appellee of its defense as an innocent purchaser.
4. DEEDS—TAX DEED—PAYMENT OF TAXES—NOTICE.—Appellee purchased land for value knowing that appellant had a tax deed to the land and was paying taxes thereon. *Held,* these facts insufficient to put appellee on notice of an unrecorded deed from the original common owner of the land to appellant.

Appeal from Ouachita Chancery Court; *James M. Barker,* Chancellor; affirmed.

*T. I. Thornton,* for appellant.

1. The quitclaim deed from Newton to Meek and Reynolds conveyed nothing except the interest of Newton at the time—nothing more. At the time he had no interest, as he had already conveyed his interest. 76 Ark. 417; 38 *Id.* 192; 33 Kan. 683; 186 Ga. 806; 44 Tex. 255; 65 Pac. 1; 25 Mont. 344; 116 Ga. 459.

2. Appellee had notice of appellant's rights. Appellee made no inquiry and is not entitled to protection as an innocent purchaser. The payment of taxes under color of title was notice. 76 Ark. 27; 69 *Id.* 442; 96 *Id.* 524; 34 *Id.* 596; 23 *Id.* 740; 50 *Id.* 322; 161 L. R. A. (N. S.) 1073; 110 N. W. 796-9; 156 Pac. 610; 1 Devlin on Deeds (3 ed.) 1374.

*Wingo & Meek,* for appellee.

1. A quitclaim deed is as effectual, and carries all the right, title and interest of the grantor, the same as a deed with full covenants. 44 Ark. 160; 122 *Id.* 445; 8 Rul. C. L. 1024; 105 Am. St. 856; 145 U. S. 492; 70 Ark. 256. The title vested irrevocably in Meek and Reynolds when their deed was recorded. 70 Ark. 256.

2. A quitclaim purchaser is a purchaser in good faith, if the title on the record is clear and he has no notice. 25 L. R. A. (N. S.) 1034; 81 Kan. 41, 105 Pac. etc.

3. Appellee is an innocent purchaser. 145 U. S. 492; 44 Ark. 153; 122 *Id.* 445; 86 *Id.* 368; 39 Cyc. 1762; 99 Ark. 446; 76 *Id.* 525.

4. Meek and Reynolds were in constructive possession, having paid taxes under color of title of record. 96 Ark. 524. The quitclaim deed recited a paid cash consideration, and a quitclaim deed does not of itself give notice of defects or secret equities. 86 Ark. 368; 23 *Id.* 735; 44 *Id.* 153; 53 Miss. 154. See also 122 Ark. 445. The inquiry made by appellee was amply sufficient in law.

5. The burden was on appellant to show that appellee had notice. 84 Ark. 1; 108 *Id.* 497.

McCULLOCH, C. J.   This is an action instituted by appellant against appellee in the chancery court of Ouachita County to quiet title to a tract of land in that county.   Both parties to the controversy claim title from a common source, that is to say, under deeds executed by G. W. Newton, who, it is conceded, originally owned the land.   The land was forfeited to the State for nonpayment of taxes in the year 1883, and appellant purchased the State's interest and received a deed from the Commissioner of State Lands in May, 1907.   It is conceded that the forfeiture was void and that appellant acquired no title to the land under his deed from the State.

Appellant obtained a quitclaim deed from Newton dated February 28, 1907, and paid taxes on the land for several years thereafter, but did not take actual possession, nor did he file the deed for record until a short time before the commencement of this suit, which was after the conveyance of the land by Newton to appellee's grantor.   The lands are still wild and unoccupied.   Newton executed a quitclaim deed to A. N. Meek and J. D. Reynolds on January 6, 1914, and those grantees conveyed the lands by deed dated June 26, 1914, to appellee for a consideration of $400, paid in cash, as recited in the deed.   The two last mentioned deeds were promptly recorded, but the deed from Newton to appellant was not filed for record until June 14, 1916.   Newton informed Meek and Reynolds when he executed the deed to them that he was not asserting any claim to the land, but the testimony adduced by appellees shows that the managing officer of appellee, who negotiated the purchase of the land from Meek and Reynolds, had no information of the prior conveyance from Newton to appellant.   Appellee procured an abstract of title before closing the deal with Meek and Reynolds, and observed from the abstract that appellant had a tax deed from the State, but was advised that the forfeiture to the State under which appellant claimed title was void and disregarded it as a defect in the title of the parties who were conveying.

(1) The unrecorded deed from Newton to appellant was not good against subsequent innocent purchasers for value. Kirby's Digest, § 763; *Penrose* v. *Doherty,* 70 Ark. 256.

(2) It is undisputed that a valuable consideration passed from appellee to its grantors for the conveyance of the land, so the burden of proof was on appellant to show that appellee had notice of the infirmities in the title of its grantors. *Osceola Land Co.* v. *Chicago Mill & Lumber Co.,* 84 Ark. 1; *White* v. *Moffett,* 108 Ark. 497.

(3-4) The fact that the deed from Newton to Meek and Reynolds in the line of appellee's title was a quitclaim, does not of itself bar appellee of its defense as an innocent purchaser. *Miller* v. *Fraley & Greenwood Co.,* 23 Ark. 735; *Brown* v. *Nelms,* 86 Ark. 368; *The Henry Wrape Co.* v. *Cox,* 122 Ark. 445; *Case* v. *Caddo River Lumber Co.,* 126 Ark. 240. Nor was the information received by appellee of the tax deed from the State to appellant sufficient to charge notice of the unrecorded deed from Newton. The claim asserted by appellant in paying taxes on the land was reasonably inferable to his assertion of title under the void tax forfeiture. At least, appellee had the right to so regard the matter, and is not necessarily chargeable with notice of a claim under the unrecorded deed from Newton.

There is, as before stated, no proof at all in the record that appellee's managing officer, who purchased the land, had any actual notice of the unrecorded deed or any information to put him upon notice. The burden being upon appellant to prove that appellee had notice of the claim under the unrecorded deed, and having failed to maintain that burden, it follows that the chancellor was correct in finding that appellee was an innocent purchaser for value, and in refusing to quiet appellant's title.

Affirmed.