STURGIS *v.* NUNN.

4-6584

158 S. W. 2d 673

Opinion delivered February 2, 1942.

*W. H. Glover*, for appellant.

*W. H. McClellan*, for appellee.

694

GREENHAW, J. This case involves the ownership of 65.50 acres of timber land in Hot Spring county, and also the timber which was sold and removed therefrom.

August Gustafson at one time owned the south half of the southeast quarter of section 24, township four south, range 20 west, consisting of 80 acres. He sold 14.50 acres thereof to W. Y. Otwell. The record does not reveal how the land conveyed to Otwell was described, nor does it show whether the deed was ever recorded.

The remainder of the 80 acres owned by Gustafson, consisting of 65.50 acres, was assessed for the year 1925 as "Pt. S½ SE, etc., 65.50 acres." The Otwell land was assessed as "Pt. S½ SE, etc., 14.50 acres." The Otwell land was later redeemed for the 1925 taxes, but the record shows that it was assessed in the same manner for the year 1924 and sold to the state for the nonpayment of the taxes for that year. The 65.50 acres were sold to the state in 1926 and certified in 1928.

In January, 1937, J. F. Oliver obtained from the state land commissioner a deed describing the 65.50 acres as "Pt. S½ SE, section 24, township 4 south, range 20 west," being the same description under which it was assessed, sold, and certified to the state of Arkansas. In May, 1937, J. F. Oliver conveyed an undivided one-half interest in the land to C. J. Goodwin.

Thereafter, on March 1, 1940, the appellee obtained a quitclaim deed from Ada Harkrider and Ida Hinshaw, the daughters and sole heirs at law of August Gustafson, conveying to him said 65.50 acres, under a proper legal description, the deed being filed for record on April 4, 1940.

On September 6, 1940, Oliver and Goodwin executed their timber deed, attempting to convey to Sturgis Lumber Company, a partnership composed of Roy Sturgis, C. F. Sturgis, Pauline Sturgis, E. E. Fowler and Sara Fowler, the timber on said 65.50 acres, describing it as being that part of the south half of the southeast quarter east of the county road. The appellee learned on December 16, 1940, that the timber was being cut on this land by the Sturgis Lumber Company, which finished

cutting and removing the timber from the land on December 17. The appellee, being unable to effect settlement for the value of the timber, filed suit on December 21, 1940, against the individual partners of the Sturgis Lumber Company, doing business as Sturgis Lumber Company, and also against J. P. Oliver and C. J. Goodwin, in which he contended that the commissioner's deed to Oliver was void because of defective description of the land, and that the forfeiture and sale of the land to the state were void for the same reason. The appellee asked that the deeds from the state land commissioner to Oliver, from Oliver to Goodwin, and from Oliver and Goodwin to the Sturgis Lumber Company, be canceled as clouds on his title, and that he have judgment for treble the value of the timber which had been cut and removed from the land.

The appellants contended that the appellee had no right to maintain this suit, alleging that the two daughters of Gustafson, from whom the appellee acquired his title in 1940, had in 1932 and 1935 separately conveyed their interest in said land by warranty deeds to Mertie Brown. The deeds from Harkrider and Hinshaw to Mertie Brown were not filed for record until December 19, 1940. Appellant Oliver obtained a quitclaim deed from Mertie Brown in January, 1941, attempting to have conveyed to himself the 65.50 acres of land which it is alleged was intended to be conveyed by the deeds from Harkrider and Hinshaw to Brown. On December 31, 1940, appellant Oliver obtained a state deed to the 14.50 acres above referred to as the Otwell land, the state deed describing it as "Pt. S½ SE, etc., 14.50 acres." The Otwell acreage has no bearing on the issues in this case except that it was the contention of the appellants that the Otwell 14.50 acres, together with the 65.50 acres involved in this litigation, actually constituted the entire south half of the southeast quarter of section 24, township four south, range 20 west.

The evidence showed that the state obtained a decree in the Hot Spring chancery court in 1930 quieting its title to the "S½ SE¼, section 24, township 4 south, range 20 west, containing 80 acres." Apparently that suit was

filed on the theory that the lands in the two forfeitures constituted the entire south half of the southeast quarter. However, the south half of the southeast quarter was not assessed as one tract of land, nor was it advertised and sold for taxes as one tract of land, nor certified to the state as such. The two tracts were, as a matter of fact, separately assessed, separately sold, and separately certified to the state, and in view of these facts we do not think the state could group the two tracts together under a single description and quiet its title to same as the "S½ SE¼; section 24, township 4 south, range 20 west." It was conceded that when the acreage of the two tracts was added together it totaled 80 acres, which, it was admitted, was all the land embraced in the south half of the southeast quarter of section 24. However, there was no means of identifying or locating either the 65.50 acre tract or the 14.50 acre tract from the deeds themselves, nor was it shown that the 14.50 acre tract was not a part of the 65.50 acre tract listed under a double assessment.

In its decree of March 13, 1941, the lower court found that appellee was a *bona fide* purchaser for value of said lands, and at the time had no notice or knowledge of the execution of the prior unrecorded conveyances by Ada Harkrider and Ida Hinshaw; that the state deed to J. F. Oliver, purporting to convey 65.50 acres, was void for lack of legal description, and that the confirmation thereof by the Hot Spring chancery court in 1930 was void for the reason that the state had no title to confirm. The court thereupon decreed that the state deed to Oliver, the deed from Oliver to Goodwin, the deed from Oliver and Goodwin to Sturgis Lumber Company, the deeds from Hinshaw and Harkrider to Mertie Brown, the deed from Brown to Oliver and the confirmation decree of said court entered in 1930 are all void and of no effect insofar as they affect the title to the 65.50 acres of land which was properly described in the deed from Hinshaw and Harkrider to appellee.

The court further found that Goodwin and Sturgis Lumber Company acquired no title to the lands or timber thereon for the reason that Oliver had no title to convey,

nor color of title; that the lumber company cut and removed 44,756 feet of pine timber, of the reasonable market value of $4.50 per thousand feet, the value thereof being $201.45, and that, since the timber was cut and removed by the lumber company without color of title thereto, the appellee was entitled to treble damages against the Sturgis Lumber Company and the partners composing same, in the sum of $604.35.

We have carefully considered all of the evidence in this case, and all of the contentions and grounds for reversal urged by the appellants herein. We are unable to agree with the contentions of the appellants except that treble damages should not have been allowed in this case.

We agree with the holding of the trial court that the description of the land in question was defective on the tax books, at the tax sale, in the certificate to the state and the deed from the state to Oliver. In the case of *Dickinson* v. *Arkansas City Improvement Co.*, 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170, this court said: "The tax sale of 1896, and the deed executed pursuant thereto, describing the land as 'part E½ NE¼, sec. 32, T. 12 S., R. 1 W.,' were void because of imperfect and uncertain description. . . . A deed failing to describe the land is equivalent to no deed at all. . . . The deed under which appellants claim to have held does not purport to convey the title to any land, because none is described therein."

In the case of *Northern Road Imp. Dist.* v. *Zimmerman*, 188 Ark. 627, 67 S. W. 2d 197, the court said: "It has been frequently and definitely decided that deed to a tract of land described as 'Pt.' or 'Part of' has a void description, being void because of its indefiniteness. . . . So therefore, if the tract of land here in question was described, either in the original warning order, or in the notice of sale, as 'Part Northeast Quarter,' etc., the sale was void, and no confirmation thereof would operate to cure this invalidity." See, also, *Woodall* v. *Edwards*, 83 Ark. 334, 104 S. W. 128; and *Sutton* v. *Lee*, 181 Ark. 914, 28 S. W. 2d 697.

We also agree with the trial court's holding that since the deeds from Harkrider and Hinshaw, executed in 1932 and 1935, were not recorded until December, 1940, after the appellee had obtained a deed from them in March, 1940, said prior deeds constituted no notice to appellee, and no other notice of these deeds having been shown by the evidence, appellee was an innocent purchaser under § 1847, Pope's Digest. See, also, the case of *Bell* v. *South Arkansas Land Company,* 129 Ark. 305, 196 S. W. 117, in which the parties to the litigation claimed title to the land from a common source, and in which this court held that, the burden being upon appellant to prove that appellee had notice of the claim under the unrecorded deed, and appellant having failed to maintain that burden, the chancellor was correct in finding that appellee was an innocent purchaser for value.

We do not think, however, under the evidence in this case, that the appellee was entitled to treble damages. Section 10320 of Crawford & Moses' Digest, providing for treble damages for cutting timber, was repealed by act 60 of 1935, along with a number of other sections of Crawford & Moses' Digest, but the next legislature, in 1937, by act 29 reenacted § 10320 of Crawford & Moses' Digest *in haec verba,* thereby placing it back in the statutes.

Section 10322 of Crawford & Moses' Digest provides that if the defendant has probable cause to believe that the land on which the trespass is alleged to have been committed was his own, the plaintiff shall recover single damages only with costs. We have concluded that under the evidence in this case the owners of the Sturgis Lumber Company, by reason of the timber deed and other facts in evidence, were justified in believing they had a legal right to cut and remove the timber and that this action on the part of the appellant was not willful nor without probable cause to believe they owned the timber. See *Upton* v. *Wimbrow,* 148 Ark. 408, 230 S. W. 277.

The decree awarding treble damages in the sum of $604.35 is, therefore, modified by reducing the award for damages to $201.45, the actual damages, and, as thus modified, the decree is affirmed.