PEEK *v.* HENDERSON.

4-7545                                    185 S. W. 2d 704

Opinion delivered February 26, 1945.

*E. K. Edwards,* for appellant.

*Alfred Featherston,* for appellee.

ROBINS, J. Appellee instituted this action in the lower court against appellants to recover damages from them for the wrongful cutting and removal of two lots of timber from lands belonging to appellee. Appellee alleged the value of the first lot was $350 and that he was entitled to recover $1,050 treble damages therefor, and that for the second lot, of the value of $251.45, he was entitled to recover double damages, or $502.90, making a total of $1,552.90 damages for which appellee sued.

Appellants in their answer denied the allegations of the complaint and further set up that the action for damages in excess of the value of the timber was for a penalty and was barred because it was not brought within the two year period fixed by § 8932 of Pope's Digest of the laws of Arkansas for bringing suits to recover statutory penalties. A jury returned a verdict in favor of appellee for $300 and from the judgment entered thereon this appeal is prosecuted.

Appellants argue that a calculation of the amount of timber shown by appellee to have been cut and removed from his land without his consent demonstrates that the value of this timber "at the stump" was only $150 and that therefore part of the amount of the jury's verdict must have been to cover a statutory penalty, recovery of which herein was precluded by the statute above cited. But from this same calculation, it appears that the jury might have found that the trees cut from appellee's land, after being converted into rough lumber, were worth $300.

Now there are three separate measures of damage available to one who seeks to recover for timber taken from his land by a trespasser: Under § 8984 of Pope's

Digest the trespasser may, under certain circumstances, be required to pay double the value (at the stump) of the timber cut and removed; under § 1299 of Pope's Digest (and also under Act 29, of the General Assembly of Arkansas of 1937, re-enacting § 10320 of Crawford & Moses' Digest) the trespasser may, under circumstances set forth therein, be required to pay treble the value (at the stump) of the timber taken; and there is the rule of common law by which the owner of the land, from which timber has been cut and removed by a willful trespasser, may recover his property after it has been manufactured into lumber, or the value thereof, if it cannot be found. *Kansas City Fibre Box Company* v. *F. Burkart Manufacturing Company*, 184 Ark. 704, 44 S. W. 2d 325.

The trial court gave all three of these rules, in different instructions, to the jury; and we cannot know which one the jury adopted in arriving at its verdict.

While a suit to enforce a statutory penalty must, under § 8932 of Pope's Digest, be brought within two years after the cause of action accrues, a suit by the landowner to recover the value of rough lumber, into which logs taken by wrongful trespass have been converted by the trespasser, is not a suit for a statutory penalty and is not barred by this statute.

There is no evidence in the record showing any wrongful intention or action on the part of appellants themselves, but there was substantial testimony from which the jury might have found: (a) That the land in question was owned by appellee; (b) that servants of appellants knowingly trespassed thereon, without a survey as required by § 8998 of Pope's Digest, and cut and removed for appellants timber not purchased by appellants from appellee; and (c) that the value of the rough lumber made from this timber, thus converted by appellants, was $300.

It follows that the judgment appealed from must be affirmed.

Justice MILLWEE disqualified and not participating.