PARKER *v.* FENTER.

4-9039                                        225 S. W. 2d 940

Opinion delivered January 16, 1950.

*Kenneth C. Coffelt,* for appellant.

LEFLAR, J. This is an action by appellee Fenter against Parker for cutting and converting timber from Fenter's land. Plaintiff claimed double damages under Ark. Stats., (1947), section 54-203, on the theory that defendant had done the cutting "knowingly." The jury returned a verdict for the plaintiff for $300. Defendant appeals.

Plaintiff's evidence indicated that defendant cut the timber in question without having first procured the survey by the county surveyor prescribed by Ark. Stats., (1947), section 54-201. Plaintiff's instruction No. 1 given by the trial judge over defendant's objection told the jury, in the words of section 54-201, that it was defendant's duty to procure this survey before doing any cutting, and added that his failure to do so made him guilty of cutting plaintiff's timber "knowingly within the meaning of the laws of this state." This was incorrect. We have held in *Peek* v. *Henderson,* 208 Ark. 238, 185 S. W. 2d 704, and again in *Lewis* v. *Mays,* 208 Ark. 382, 186 S. W. 2d 178, that the jury may properly be instructed that failure to comply with section 54-201 may be considered as bearing upon the willfulness or innocence of a defendant who cuts and removes timber from the land of another. But we have not held that failure to procure the statutory survey is absolutely binding and conclusive evidence that the defendant cut the timber "knowing" it to be on the land of another. The requirement of knowledge as a prerequisite to liability for double damages is a real requirement, not to be fictitiously satisfied. The instruction in effect took the issue of knowledge out of the jury's hands, and told them that failure to comply with the statute was equivalent to actual knowledge. The jury should have been required to find defendant's *scienter* as an independent fact, being allowed to consider his non-compliance with the statute merely as evidence of that fact.

It being necessary to reverse the case on this ground, other alleged errors need not now be considered. The case is remanded for new trial.