CASE v. HUNT.

4-9296                                234 S. W. 2d 197

Opinion delivered November 27, 1950.

*Ben B. Williamson,* for appellant.

*J. L. Bittle,* for appellee.

LEFLAR, J. Appellant Case brought this action for treble damages under Ark. Stats., § 50-105, on account of the cutting by defendants of 856 pine trees from Case's land. Defendants admitted that they cut the trees, but denied that the circumstances of the cutting justified an award against them of thrice the value of the timber cut. The jury returned a verdict against defendants for single damages only, and plaintiff Case appeals.

The testimony differed as to the actual amount of lumber cut from the 856 trees, but the maximum testified to was 20,000 board feet. The value of the lumber as cut also was the subject of divergent testimony, but the highest rate testified to was $10 per 1,000 board feet. The jury's verdict of $200 for the plaintiff was obviously an award of single damages based on these maximum figures.

The evidence was that defendants had bought from a third party the timber on a tract adjoining Case's land, and that the seller had pointed out the boundary incorrectly, so that defendants thought the 856 trees were included in the timber they had bought from the third person. Defendants did not, before cutting the trees, have the boundary surveyed in the manner set out in Ark. Stats., § 54-201, though their testimony indicated an honest belief that the 856 trees were on their own side of the boundary. They now admit that this belief was erroneous.

The first ground relied upon by appellant Case is the Circuit Judge's refusal to give appellant's proffered Instruction No. 1, which would have told the jury that defendants' failure to procure the survey by the County Surveyor, as prescribed by § 54-201, before cutting the 856 pine trees "would be *prima facie* willful and unlawful and the plaintiff would be entitled to recover three times the value of the said 856 pine trees so cut and removed, and your verdict should be for the plaintiff for such amount."

This was in the nature of a binding instruction. Defendants had given evidence that the cutting on plain-

tiff's land was not willful, that they had gone on plaintiff's land unintentionally. Yet the instruction stated that if the statutory survey had not been made, as admittedly it had not, the plaintiff should receive treble damages in any event.

Failure to procure the statutory survey is some evidence that the timber was cut willfully and intentionally from plaintiff's land, but it does not in the face of contrary evidence have the practically conclusive effect which plaintiff's Instruction No. 1 would have ascribed to it. See *Parker* v. *Fenter,* 216 Ark. 398, 225 S. W. 2d 940. The proffered instruction was correctly refused.

Appellant also complains of two instructions which were at defendants' request given by the Circuit Judge.

One of these, No. 6, told the jury that if they found that defendants "had probable cause to believe that the land on which the trespass is alleged to have been committed, or the timber cut and carried away, was (their) own, then the plaintiff shall recover only single damages, or in other words the actual value of the timber so cut and removed." The instruction is in exact accordance with the provisions of Ark. Stats., § 50-107, which we have deemed to be a part of the same statutes as § 50-105. *Sturgess* v. *Nunn,* 203 Ark. 693, 158 S. W. 2d 673. The later section explicitly limits the right of treble recovery which plaintiff seeks under § 50-105, and the instruction based upon it was properly given.

The other instruction complained of, No. 8, told the jury that if they believed "that the defendants cut this timber under the honest belief that it was on the tract of timber which they had bought, . . . that they were not taking it purposely, intentionally and knowingly from Mr. Case's land," they should award single damages only. This instruction likewise is in accordance with the law of this state. *Upton* v. *Wimbrow,* 148 Ark. 408, 230 S. W. 277; *Sturgess* v. *Nunn, supra; Parker* v. *Fenter, supra.* Our statutes do not impose double or treble damages upon one who cuts timber from the land of another

unless he does so willfully and intentionally. Otherwise, single damages suffice.

The judgment is affirmed.