FREEZE *v.* HINKLE.

5-1673                                          317 S. W. 2d 817

Opinion delivered November 24, 1958.

*N. J. Henley,* for appellant.

*Ben B. Williamson,* for appellee.

PAUL WARD, Associate Justice. A jury failed to award treble damages against appellee under Ark. Stats. §§ 50-105 and 50-107 for cutting and removing timber (alleged to be wilfully done) from land belonging to appellant. It is the contention of appellant here that the cause should be reversed because the trial court gave two instructions which were erroneous.

There is hardly any dispute over the essential facts. Appellant, T. E. Freeze, and appellee, Alva Hinkle, each own considerable acreages of timber land which have a common boundary line of approximately one-half mile. This mutual line had not been surveyed when the timber was cut, and its exact location was apparently not known to either and certainly not known to Hinkle. On two different occasions the employees of Hinkle entered upon Freeze's land, at places pointed out by Hinkle, and cut and removed timber. The actual value of this timber, according to the allegations in Freeze's complaint, was $146.20. It was further alleged by Freeze that said timber was cut and removed by Hinkle "wilfully and without right or authority," and judgment was prayed for treble the actual value of said timber.

The jury returned a verdict in favor of Freeze for the sum of $94.00 and judgment was entered for that amount. The only grounds designated by appellant for a reversal are that the trial court erred in giving ap-

pellee's requested instructions No. 3 and No. 4. We will consider these grounds separately and in the order mentioned.

*Instruction No. 3.* By this instruction the trial court in effect told the jury it would be authorized to return a verdict for the actual value only if it found Hinkle "honestly believed, or had probable cause to believe that the timber was on his own land, and said cutting was not done knowingly and intentionally." It is not contended by appellant that the instruction is inherently wrong, but he bases his objection solely on the ground that there is no testimony to support it. If appellant is right it was error for the court to give the instruction. After a careful survey of the record we have arrived at the conclusion that it does contain substantial evidence to support the instruction. Appellee testified in part as follows: Q. "At the time you cut this timber, this oak and cedar, did you honestly believe it was on your land?" A. "Yes, I did." Q. "Why did you believe it was your land?" A. "The line didn't go anywhere near where I thought. I was mistaken about where the corner was at." It is noted that sometime after the timber was cut the true line was surveyed and definitely determined. It shows that the timber was in fact on Freeze's land. It further appears from the record that appellee readily admitted cutting the timber, that he offered to pay appellant its value after the survey, and that the matter might have been settled at that time if an agreement as to the amount had been reached. It is admitted that there was nothing to indicate the true line when the timber was cut. Section 50-107 mentioned at the outset states in substance that only single damages shall be recovered in an action of this kind if it appears that the trespasser (appellee here) "had probable cause to believe that the land on which the trespass is alleged to have been committed . . . was his own."

Considering all these facts and circumstances, together with Hinkle's positive statements, we cannot say, as a matter of law, that he did not have probable cause

to believe the land was his. In other words, we think there is substantial evidence to justify the trial court in submitting the question to the jury.

Appellant says the testimony shows positively that Hinkle could not have had probable cause to believe the land was his. This is based on Hinkle's admission that he did not know the exact location of the line when he cut the timber. We cannot agree that appellant's deduction necessarily follows. We think Hinkle could have honestly believed he was on his own land even though he did not know exactly where the true line ran. In fact it seems that the question of good faith or "probable cause to believe" could only arise where the trespasser did not know the location of the true line.

*Instruction No. 4.* This instruction is essentially the same as No. 3 discussed previously, except as hereafter indicated. It told the jury in effect that before appellant could recover it must find that the timber "was wilfully and intentionally cut and removed . . . *and that it was not a mistake on the part of the defendant"* (our emphasis). The principal objection is to that portion of the instruction which is emphasized. Appellant has not pointed out, and we fail to see, how the jury was misled by the questioned portion of this instruction. We think the jury understood that cutting timber by mistake by appellee meant the same thing as cutting with probable cause to believe he was cutting his own land.

In addition to the above appellant argues to the effect that the trial court should have instructed a verdict in his favor for treble damages because of Ark. Stats. § 54-201, but we find no merit in this argument. The above section provides in substance that anyone cutting timber on land must first have it surveyed, and the succeeding section provides a penalty for its violation. These sections do not deal with the wilful cutting of timber or the amount of damages. It is true that Hinkle's failure to have a survey made before cutting

the timber could be considered by the jury as going to the wilfullness of his act, and the jury was so told in appellant's instruction No. 2. This was all appellant was entitled to. This same question was settled against appellant's contention in the case of *Case* v. *Hunt*, 217 Ark. 929, 234 S. W. 2d 197, at page 931 of the Arkansas Reports.

Affirmed.

WILLIAM J. SMITH, J., not participating.