BOLING v. DONALDSON.

5-2401 345 S. W. 2d 628

Opinion delivered May 1, 1961.

*Bon McCourtney* and *Claude B. Brinton,* for appellant.

*John States,* for appellee.

SAM ROBINSON, Associate Justice. Title to a tract of land containing about 3 acres located in the Frl. NW¼, Sec. 15, Twp. 15 N., R. 6 E., and title to another tract of a little over one acre located in the Frl. E½ of the NE¼ NE¼, Sec. 16, Twp. 15 N., R. 6 E., are involved in this action. Appellant, Elmer Boling, who was plaintiff in the chancery court, claims title to both tracts under a tax deed he obtained from the State in 1959. Appellees claim title by mesne conveyances under valid descriptions. The descriptions under which the lands claimed by appellant, forfeited for nonpayment of taxes, are as follows: Pt. NW Frl. NW 15.15.6 and Pt. Frl. NE¼ 16.15.6.

In a memorandum opinion the chancellor said: "Briefs in the above entitled cause have been studied by the court and the following findings are made: The lands involved here were assessed in 1915 and 1948 as an unidentified 'part' of certain sections. These 'part' descriptions were carried also in the Notice of Sale of Delinquent Lands and in the List of Delinquent Lands Sold to the State. Taxes on the lands in question were actually paid by the then owners in 1915 and 1948. The State of Arkansas took no valid title to the disputed lands and could, therefore, convey no valid title to Mr. Elmer Boling. It is the judgment and decree of the court that the State tax deeds introduced and relied upon by the plaintiff are void and of no effect and that they should be cancelled as a cloud upon the title of the defendants."

The trial court was correct. In *Sturgis v. Nunn*, 203 Ark. 693, 158 S. W. 2d 673, this Court quoted from *Northern Road Impr. Dist. v. Zimmerman*, 188 Ark. 627, 67 S. W. 2d 197, as follows: "It has been frequently and definitely decided that a deed to a tract of land described as 'Pt.' or 'Part of' has a void description, being void because of its indefiniteness. . . . So therefore, if the tract of land here in question was described, either in the original warning order, or in the notice of sale, as 'Part Northeast Quarter,' etc., the sale was void, and no confirmation thereof would operate to cure this invalidity."

Affirmed.