# STATE OF ARKANSAS,

AT THE

# NOVEMBER TERM, 1882.

(Continued from Volume XXXIX.)

|  |  |
|---|---|
| 40 | 17 |
| 71 | 569 |
| 40 | 17 |
| 74 | 351 |
| 40 | 17 |
| 178 | 481 |

---

## WEBB V. SMITH.

1. PRACTICE: *Parties in suit for dower.*
   In an action for dower against the purchaser at an Administrator's sale, of a deceased husband's lands, the heirs of the deceased are not necessary parties. Their interest has passed to the purchaser by the sale and deed of the Administrator.

2. STATUTE OF LIMITATIONS: *Against suit for dower.*
   The Statute of Limitations does not run in favor of heirs of an intestate against a suit by his widow for dower, and does not commence in favor of a purchaser of his lands at his Administrator's sale until the date of the purchase.

3. DOWER: *Allotment in several town lots; right of purchaser.*
   A. died seized of four town lots on which was his homestead, also of an undivided half of a separate lot. The Probate Court, to pay his debts, ordered that the four lots be sold subject to the

2

widow's dower, and the other to be sold free of dower. The widow purchased the homestead lots at their value subject to dower, and afterwards applied for dower of one-third in the other, which had been sold at full price, exempt from dower. Held: That the Probate Court had no power to sell free from the widow's dower, and the order and sale did not preclude her.

APPEAL from *Franklin* Circuit Court.

Hon. J. S. CARRIGHAN, Special Judge.

*Clark & Williams, for appellant.*

1. The homestead right of the widow ceased on her marriage.

2. The order of the Court selling the four lots subject to her dower, and her acceptance of it by the purchase of the reversion, is a valid assignment of her dower in the whole estate.

2. If not, she is, by obtaining that property in the manner she did, estopped from setting up a right of dower in the fractional lot bought by Webb.

3. And if not, still her only equity is to have dower assigned in the whole estate, including the four lots, in which case it must be so assigned as to include the mansion house, and she would get less than she has already got.

Cite *Gantt's Dig.*, secs. 2229 and 2228.

### STATEMENT.

ENGLISH, C. J. Almeda Smith brought this suit for dower in the Circuit Court of Franklin county against Perry F. Webb.

The bill alleged, in substance, that about the — day of ——, 186—, complainant intermarried with Robert C. Tweedy, who afterwards, on the 6th of April, 1870, died. That during their coverture, he was seized of an estate of inheritance in an undivided half of part of lot one,

block five, in the town of Ozark, bounded as follows: "Beginning at the north east corner of said lot, thence west sixty feet, thence south twenty feet, thence east sixty feet, thence north twenty feet to the place of beginning."

That under an order of the Probate Court of Franklin county, made at its February term, 1880, R. Q. Shores, public administrator of the estate of complainant's deceased husband, sold the above described real estate, on the 6th of March, 1880, at public sale, at the court house, &c., to pay the debts of the estate, subject to the homestead or dower right of complainant as late widow of said Tweedy, and defendant Webb was the highest bidder therefor, and became the purchaser thereof.

That her dower in the lands and estates of inheritance of her deceased husband had never been allotted to complainant. That the land above described, on account of its dimensions, being only twenty feet wide and sixty feet long, would not admit of division without great injury to both complainant and defendant. That she being entitled to only one-third interest in the undivided half of said lot, would give her only one-sixth of twenty feet. That said lot on account of its location in the town of Ozark was very valuable, the undivided half interest, subject to complainant's dower therein, having sold on the 6th of March, 1880, according to the report of the administrator, for $510.

Prayer that the lot be sold, and complainant be paid her dower interest out of the proceeds.

The suit was brought on the law side of the court, defendant answered, and on his motion the cause was transferred to the equity side of the court.

On demurrer to the answer, defendant was permitted to file an amended answer, in substance, as follows:

Defendant admits that complainant (now wife of Jacob Smith, who is not joined with her as a party), was married to Robert C. Tweedy, and that he died, at the time alleged, seized in fee of an undivided half of the part of the lot described in the bill, but denies that it was sold under order of the Probate Court in the manner alleged. Avers the truth to be that Tweedy died seized not only of said undivided half of said part of said lot, but also of the whole of lots five, six, seven and eight, in block six, in the town of Ozark, each of which is sixty by one hundred feet in size. That he died insolvent, leaving no other real estate. That at the time of his death said part of lot one in block five was vacant, having no improvements upon it (except a small house afterwards burned down) and the same remains, and was at the time of defendant's purchase, unimproved.

That the other four lots, viz: five, six, seven, and eight, in block six, were at the time of his death, enclosed with a substantial fence, and had a good dwelling house, kitchen, out houses, a well and other improvements thereon, and constituted the family homestead, and his family then occupied the same as his family residence, and complainant and her family have ever since occupied and resided on the same, and now occupy the same by virtue of her dower and homestead interest as the widow of Tweedy.

That after the death of Tweedy, R. Q. Shores became public administrator of his estate, and there being a large amount of debts probated against it, application was made by said administrator, in due form of law, to the Probate Court for an order to sell all of said property to raise means to pay said debts; and the court by an order made on the 7th of August, 1879, and supplemental order made on the 3rd of February, 1880, reciting the facts of his pe-

tition, and that due notice of such application had been published, directed a public sale to be made of all of said property, by said administrator; such sale, after due notice, to take place on the 6th of March, 1880, at the court house door of said county, said property to be first appraised according to law; and the four lots, numbered five, six, seven and eight, in block six, should be sold subject to the homestead right of the widow, the complainant herein, but that said undivided half of said part of lot one in block five should be sold clear and free of any dower or homestead right of said widow.

A copy of the orders of the Probate Court is made an Exhibit to the answer.

The answer further states that the administrator, in pursuance of the order of sale, did on the 6th of March, 1880, proceed to sell all of such property at public auction, and complainant bid off and purchased said four lots constituting the homestead, subject to her own dower and homestead right, that is to say purchased the reversionary interest in them, at the sum of $167; and defendant purchased the said undivided half of said part of lot one in block five, not subject to any dower or homestead interest of said widow, at the sum of $510.

That the lots purchased by complainant, for the purpose of sale, were appraised, subject to said homestead, at $250, and the part of the lot so purchased by defendant, at $200. That the property so purchased by her was worth clear of dower and homestead $700, while the appraisment of said part of lot one was its full value.

That complainant was enabled to get full title to said lots at the small sum of $167, by reason of her dower and homestead interest therein: and that defendant owned the other undivided half of said part of lot one, at the time of the sale, and was induced on that account, and

in order to make his own half available, to purchase the half that was for sale, and to give $510 therefor, which was in fact more than double its value.

That the sale so made by said administrator was reported to the Probate Court, by him, and confirmed by the Court, &c., and that the administrator, upon the payment of the purchase money by complainant and defendant, on their respective purchases, executed deeds to them respectively.

Defendant's deed is made an Exhibit.

And defendant alleges that the deed to complainant is in her possession, and he is not able to produce it, but prays that she may be compelled to produce it for the inspection of the court, &c.; and he alleges that her deed recites the order of sale, and that only the reversionary interest in said lots purchased by her at the sale was sold, and purchased by her.

That she now is, and has been ever since the death of her husband, Tweedy, in possession of said four lots as her homestead and dower in the estate of said Tweedy, and which is largely more than she is or was legally entitled to, either as dower or homestead, or both, in said estate.

Defendant makes his answer a cross bill, and prays that the above allegations may be taken as allegations of a cross-bill; and that the possession and enjoyment of said four lots, may be held to be possession of complainant's dower and homestead in said estate, and that said four lots may be deemed to be an allotment of her dower and homestead; and that the part of lot one, block five, so purchased by defendant may be decreed to be exempt from all claims of dower or homestead on the part of complainant; and defendant's title and possession quiet-

ed in him as against all such claims of dower or homestead.

As a further defense defendant alleges that more than ten years elapsed after the death of Tweedy before the commencement of this suit, during all of which time said complainant wholly failed to set up any claim to dower in said part of lot, and therefore defendant insists that if complainant ever was entitled to dower in said part of lot, she is now in equity barred from the same by lapse of time and her own laches.

And for a further defense, defendant says that said Tweedy at the time of his death left heirs of his body him surviving, who are now living, and have an interest in the subject of this suit, none of whom have been made parties, as this defendant is ready to make appear.

The Court sustained a demurrer to the amended answer, defendant excepted, and declining to plead further, and it appearing to the Court that the part of lot described in the bill would not admit of division without essential injury to the parties, the Court decreed that it be sold, and appointed a Commissioner to make the sale and report at next term, and defendant appealed.

## OPINION.

I. It was not necessary to make the heirs at law of Tweedy defendants to the bill for dower. Both the bill and answer show that they had been divested of title to the real estate in which the appellee sought dower, by the sale to pay debts, made by the Administrator under order of the Probate Court. Appellant purchased the interest of the heirs at the sale, and obtained the deed of the Administrator, and was the only necessary defendant to the bill. *1. Parties in suits for dower.*

II. Nor was the bill for dower barred by the Statute of Limitations, which did not commence to run in favor of the appellant until he purchased at the sale made by *2. Statute Limitations: Against Suits for dower.*

the Administrator, which was but a short time before the commencement of the suit. It does not run against a widow in favor of heirs, whose duty it is to assign her dower. *Stidham and wife v. Matthews et al.*, 29 *Ark.*, 660. *Danley & Danley*, 22 *Ib.* 263. *Livingston, Adm'r., v. Cochran et al.*, 33 *Ib.* 294.

III. On the application of the Administrator for an order to sell the real estate to pay debts, the Probate Court ordered the four lots to be sold "subject to the homestead interest of Almeda Smith, late widow of said Robert C. Tweedy, deceased, and that the other real estate (the undivided half of part of lot one in block five, &c.) be sold free of incumbrance as to the dower or homestead interest of said widow of said deceased therein."

It may be remarked that Tweedy died in 1870, when the Constitution of 1868 was in force, which secured to his widow his homestead right during her widowhood, and on her marriage it went to his minor children if any during their minority. *Secs. 4 and 5, Art.* 12. It seems that appellee had married Jacob Smith before the order of sale was made, and her homestead right, whatever it may have been, had terminated.

If any homestead right remained, it must have been in Tweedy's minor children, and not in his widow.

3. DOWER: Appellant submits in his answer that by virtue of the Allotment order of sale, the sale made by the Administrator under in several Town Lots. it, and his purchase, he acquired title to the undivided Right of purchaser. half interest of Tweedy's estate in part of lot one in block five, &c., discharged of any claim of homestead or dower.

The application of the Administrator to the Probate Court for an order to sell the real estate of Tweedy to pay debts probated against the estate, was made under the statute regulating such applications, orders and sales, on public notice. *Gantt's Dig., secs.* 166 *to* 184.

Webb v. Smith.

. Lands are assets in the hands of an Administrator for the payment of debts, to the extent that they are subject to the payment of debts. But homestead and dower rights are (in the absence of certain special liens) superior to the claims of creditors. The application of the Administrator for an order of sale, must be treated as an application for an order to sell the real estate to the extent that it was assets in his hands subject to the payment of debts. The question of dower and homestead was not presented to the Probate Court for adjudication on such application. The widow and minor heirs were not called upon by the public notice of such application, to appear in the Probate Court and set up any right or claim to dower and homestead or either.

So much of the order therefore as directed the undivided half interest of the estate in the part lot in question to be sold free of the incumbrance of dower, &c., was the exercise of an excess of jurisdiction by the Probate Court, and null and void, and the sale made by the Administrator under it, and purchased by appellant, did not bar any right of dower which appellee had in the part lot. *Livingston, Ad'r., v. Cochran et al.,* 33 *Ark.,* 306.

Appellant therefore purchased subject to any right of dower she may have had. If he was induced by the form of the order to bid more for the interest of the estate in the part lot than he would have done had the order of sale been in the form contemplated by the statute, it was not the fault of the appellee, who was not personally a party to the order, and in no way to blame, or responsible for the form in which it was made. Appellant bid at his peril, and if he mistook the law it was his own fault and misfortune.

There is no question of estoppel in the case. The answer alleges that appellee bid off and purchased the four

homestead lots at the sale. Had it alleged that she was personally present when the Administrator offered the part lot for sale, that he proclaimed it to be sold discharged of her dower, that she had heard the proclamation, and was silent, then the question of estoppel, she being at the time a married woman and not *sui juris*, would have been presented. But such allegations are not made by the answer. *See Wood and wife v. Terry et al*, 30 *Ark.*, 385.

IV. The following are the provisions of the statute bearing on the question of the right of appellee to have dower in the part lot in question:—

"A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form. *Gantt's Dig.*, sec. 2210.

"In all assignments of dower to any widow, it shall be the duty of the Commissioners who may be appointed to lay off the dower (if the estate will permit without essential injury) so to lay off the dower in the lands of the deceased husband that the usual dwelling of the husband and family shall be included in such assignment of dower to the widow. *Ib. sec.* 2228.

"The Commissioners appointed to lay off dower in the lands of the deceased husband shall, at the request of the widow to be endowed, lay off the same on any part of the lands of the deceased, whether the same shall include the usual dwelling of the husband and family or not. *Provided*, The same can be done without essential injury to such estate." *Ib. sec.* 2229.

The first and second sections above copied are from the Revised Statutes, and the third section is a later enactment, and from the act of *January 15th*, 1857,

It was under the third section that appellee elected to take dower in the part lot in question. Such election could be no essential injury to the estate, because when the election was made, it had ceased to have any interest in the part lot, and in the four lots on which Tweedy had his family dwelling, and he had no other real estate, it seems.

Appellee did not make a hard demand in her bill; she did not seek to have her dower right in all of the real estate of her deceased husband fixed upon, and carved out of the part lot of which appellant had become the purchaser at the administrator's sale, which might have taken all of it. She asked to be endowed of a third part of it only. Her deceased husband owned an undivided half of the part lot, the whole of which was but twenty by sixty feet, and her dower claim was only a third of the half, equal to three feet and one-third by sixty feet. And this she did not pray to be assigned to her by admeasurement to the injury of appellant, but that the land be sold, and her dower right partitioned out of the proceeds.

V. Appellant, moreover, submits that appellee had deprived herself of any right to have dower in the part lot, by purchasing the reversionary interest in the homestead lots at the administrator's sale. That she purchased subject to her homestead and dower rights in the four lots, paid less than their value in consequence thereof, and her rights to dower in the whole of the real estate of her deceased husband should therefore be fixed upon and confined to the four lots. This would be to deprive her of the rights of election, which the third section copied above from the dower statutes gave to her, and to disregard a plain provision of law. What did she

do to forfeit her right of dower in the land purchased by appellant at the administrator's sale?

The Probate Court ordered the administrator to sell the four lots subject to her homestead right, when it seems she had none. If there was any homestead right, it must have been in the minor children of her deceased husband, if there were any. She was not to blame for the form in which the order of the Probate Court was made. She had nothing to do with the making of the order. As matter of law, the sale by the administrator was made subject to any homestead or dower right that existed at the time, in the four lots, and that any bidder was bound to know. She had the same right to bid for the lots that any other person had. She was the highest bidder, and became the purchaser of the lots. No misconduct to prevent competition in bidding is imputed to her.

Affirmed.