GATES *v.* GRAY.

Opinion delivered December 16, 1907.

1. EJECTMENT—EQUITABLE TITLE AS DEFENSE.—One who holds land under an equitable title cannot be ejected therefrom. (Page 27.)

2. COMMISSIONER'S DEED—EFFECT OF FORMAL DEFECT—REFORMATION.—A commissioner's deed which by mistake recites that it conveys the interest of defendants' ancestor, instead of the interest of defendants themselves, is defective in form merely, and should be reformed in chancery.   (Page 27.)

Appeal from Lonoke Circuit Court; *George M. Chapline,* Judge; reversed.

Mrs. Ollie Lillie and Charles Gray, a minor, by his next friend, John High, sued F. Gates in ejectment, and recovered judgment, from which defendant has appealed.

*Lehman, Gates & Lehman,* for appellant.

1.   The answer set up a defense cognizable only in equity, and it was error to deny the motion to transfer to chancery court.   36 Ark. 236; 52 Ark. 414; 71 Ark. 487; Kirby's Digest, § 5995.

2.   Since the answer set up a complete defense in equity, the court erred in sustaining the demurrer.   Kleber, Void Judicial and Execution sales, § 490 and cases cited; 28 Ark. 372.

McCULLOCH, J.   The plaintiffs, as heirs at law of their deceased mother, M. G. Gray, instituted this action in the circuit court of Lonoke County against the defendant, F. Gates, to recover possession of a tract of land in that county, of which the defendant is alleged to be in unlawful possession.   They allege in their complaint that said M. G. Gray was, at the time of her death, the owner of said land under a deed from the State of Arkansas.

The defendant filed his answer and cross-complaint, admitting that M. G. Gray owned the land in controversy but claiming title thereto under a mortgage or trust deed executed by said M. G. Gray and a foreclosure sale decreed by the chancery court of Lonoke County.   It is alleged in apt terms that said M. G. Gray and her husband, T. G. Gray, executed said trust deed to one Lamm as trustee to secure the payment of certain indebtedness to defendant; that after the death of M. G. Gray this defendant instituted in the chancery court of Lonoke County a suit against F. G. Gray and these plaintiffs as heirs of M. G. Gray to foreclose said trust deed; that all of said parties were duly served with process, and that said

chancery court duly rendered a decree for the foreclosure of said deed; that the commissioner of said court sold said land at public outcry pursuant to said decree, and this defendant became the purchaser of the same; that said sale was reported to and duly confirmed by said court; that said commissioner executed and delivered to the defendant a deed, which was approved by said chancery court, conveying said land to him, and that he took and now holds possession of the land thereunder. The answer and cross-complaint also state that said deed of the commissioner, after reciting the pendency of said suit in chancery, the decree and other proceedings therein and sale and confirmation, purports to convey to defendant as such purchaser "all right, title, interest or claim at law or in equity of T. G. Gray and M. G. Gray, said defendants in chancery," instead of purporting to convey the title of the plaintiffs herein who were defendants in said chancery suit. It is stated that this alleged error in the deed occurred on account of the death of this defendant's counsel in the chancery suit.

The defendant also moved the court to transfer the case to the chancery court of Lonoke County for further proceedings. The court denied the motion to transfer the case, and sustained a demurrer to the answer and cross-complaint. Defendant declined to further plead, judgment final was rendered against him for the possession of the land, and he appealed to this court.

The court erred in sustaining the demurrer, as the answer tendered a good defense. Even if the commissioner's deed under which defendant held possession was defective, still the answer was sufficient to show the equitable title to the land in controversy to be in the defendant, and he could not be ejected. *Daniel* v. *Garner*, 71 Ark. 484. The defendant was entitled, however, to have his deed from the commisioner corrected; and, as all the parties in interest were before the court, the cause should, on his motion, have been transferred to the chancery court for that purpose. The defect was one of form, in that it failed to recite the names of the plaintiffs who were parties defendant to the cause, and can and should be reformed by a court of chancery upon the facts set forth in the answer. The statute provides that a convevance made in pur-

suance to 'a sale ordered by the court shall pass to the grantee the title of all the parties to the action or proceeding (Kirby's Digest, § 6321), but that "the names of such parties shall be recited in the body of the conveyance" (Kirby's Digest, § 6325).

Reversed and remanded with directions to overrule the demurrer and grant the motion to transfer to equity.