GRAYSONIA-NASHVILLE LUMBER COMPANY *v.* WRIGHT.

Opinion delivered February 22, 1915.

1. TAX DEEDS—DISCRIPTION—SUFFICIENCY.—A tax deed, conveying lands as part of a particular division or subdivision of a section, is void for uncertainty.

2. DEEDS—"FRACTIONAL" DEFINED.—"Fractional," where used in connection with a subdivision of a section in describing it, means either that there is more or less land than is usually contained in such subdivison, and generally less, in the sectionizing of same by the Government.

3. TRESPASS—TITLE OR POSSESSION.—The plaintiff must have either title to or possession of lands to maintain an action for trespass thereon, and, having neither, can not rely upon the want of title in the trespasser.

Appeal from Howard Circuit Court; *Jefferson T. Cowling,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee brought this suit for trespass against appellant company for cutting and removing timber from the fractional southwest quarter of the southwest quarter of section 29, township 10 south, range 28 west, situated in Howard and Sevier counties, alleging that he was the owner and in the actual possession thereof, and had been since the 2d day of October, 1911.

Appellant denied plaintiff was the owner or in possession of the lands claimed, and that it had cut the timber as charged therefrom. It admitted cutting a small amount of timber from the southwest quarter of the southwest quarter of said section, which it claimed to own.

Appellee bought the land from Smith in 1911 and enclosed and put three or four acres of the tract into cultivation. The appellants began cutting timber on the uninclosed land, and he complained to some of the men at work, and they stopped, but others, employees of appellant company, continued cutting the timber and removed same.

The Saline River, the boundary line between Howard and Sevier counties, runs through this forty-acre tract of land. Appellant exhibited the deeds from Milford to Smith his grantor, conveying the fractional southwest quarter of the southwest quarter of said section, containing thirty-eight acres, more or less, executed on the 12th day of December, 1910, and recorded in Sevier County. Smith conveyed the land to appellee describing it as "the fractional part of the southwest quarter of southwest quarter of said section, containing the same number of acres." The land was forfeited for taxes in 1906, and conveyed to Joe Winter in 1907, as "part of the southwest quarter of the southwest quarter," containing twenty-eight acres, and he sold the same to Geo. B. Milford as "the fractional southwest quarter of the southwest quarter of said section."

No timber was taken by appellant company from appellee's enclosure on the land. From the judgment against it, appellant brings this appeal.

*W. P. Feazel,* for appellant.

1. The description in the deeds is indefinite and insufficient and can not be aided or made definite and certain by parol evidence. 106 Ark. 83; 30 *Id.* 60; 30 *Id.* 640; 40 *Id.* 240; 41 *Id.* 495; 60 *Id.* 487; 85 *Id.* 4. A deed will not be held void if by any reasonable construction it can be made available. 68 Ark. 546.

2. The verdict is excessive. The verdict was a guess; there is no testimony to sustain it.

*D. B. Sain,* for appellee.

1. The description was cured by the surveyor's testimony that the Saline River was the boundary line between two counties. Courts take judicial notice of the number of acres in a tract in such cases. 106 Ark. 86; 34 *Id.* 224; 79 Ark. 442; 68 *Id.* 546. Appellee's title, coupled with possession and payment of taxes for more than two years makes a perfect title against a trespasser. 84 Ark. 614; 77 *Id.* 324; 79 *Id.* 442; 68 *Id.* 546.

2. The verdict is not excessive. Possession for two years under a tax title is sufficient to confer title. 92 Ark. 30; 79 *Id.* 442.

KIRBY, J., (after stating the facts). It is contended for reversal that appellee had neither title to nor possession of the lands from which the timber was claimed to have been taken, that the description in his deeds thereto was so indefinite as not to convey them nor constitute color of title.

(1) This court has often held tax deeds conveying lands as part of a particular division or subdivision of a section void for uncertainty, and such a deed containing a description of land so indefinite and uncertain as to be insufficient is not color of title that will extend the possession of one having an enclosure upon the land to the limit of the land attempted to be described in his deed, because none is sufficiently described therein. The tax deed to Winter and conveyances from his grantee on down to the appellee, attempted to convey the lands by a description which is insufficient and consequently failed to effect the purpose. If appellee was allowed to prove that a certain part of the land was beyond the Saline River in Sevier County, and the remaining portion of the forty-acre tract on the Howard County side thereof, it still would leave the uncertainty since the deed conveys the land as "part of the southwest quarter of the southwest quarter," as to what part thereof was intended to be conveyed. The deed from Milford to Smith describes

it as "the fractional southwest quarter of the southwest quarter," and from Smith to Jackson as the fractional part of the southwest quarter of the southwest quarter.

(2) "Fractional," when used in connection with a subdivision of a section in describing it, means either that there is more or less land than is usually contained in such subdivision and generally less, in the sectionizing of same by the government survey. It is not claimed here that this was a fractional forty-acre tract, and shown to be by the Government survey and the fractional southwest quarter, southwest quarter or the fractional part of the southwest quarter of the southwest quarter in Sevier County, Arkansas, would not be a sufficient description to convey the portion of the particular forty acres lying west of the Saline River in said county, according to the opinion of the majority of the court, and under the authority of *Scott* v. *Dunkle Box & Lumber Co.*, 106 Ark. 83.

(3) The plaintiff must have either title to or possession of the lands to maintain an action for trespass thereon, and not having either can not rely upon the want of title in the trespasser. *Price* v. *Greer,* 76 Ark. 426.

The court erred in instructing the jury that it should find for appellee the value of the timber shown to have been taken from said tract of land. The judgment is reversed and the cause dismissed.