CATES v. CATES. -

Opinion delivered February 12, 1923.

1. REFORMATION OF INSTRUMENTS—DESCRIPTION.—Where an administrator's deed inadvertently described the land sold as "frl part" of the northeast quarter of a certain section, instead of "frl. northeast quarter" of the section, the land being properly described throughout the proceedings, and being fractional according to the government survey, the use of the word "part" was a mere clerical error, and the deed will be reformed.

2. DEEDS—DESCRIPTION.—A deed describing land conveyed as containing 66 acres, when in fact it contained 69.47 acres, is not by that fact rendered invalid.

3. REFORMATION OF INSTRUMENTS.—ADMINISTRATOR'S DEED.—Where an administrator's deed purports to describe 15 acres more than belonged to the decedent, to which the grantee lays no claim, the deed was properly reformed to make it speak the truth.

Appeal from Union Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*George M. LeCroy,* for appellant.

1. The widow's dower had not been assigned, at the time these proceedings were had, and the sale was void for that reason, since it amounted to a sale free of dower. 40 Ark. 17. The description of the lands in this case was void throughout. 92 Ark. 299, 122 S. W. 639. The chancery court was without authority and jurisdiction to reform the orders and proceedings of the probate court.

2. The decree amounts to making the orders of the probate court speak what they ought to have spoken, and is in fact a substitute for the orders actually made. Even the probate court was without authority to amend them so as to make them speak what they did not speak but ought to have spoken. 72 Ark. 21; 87 Ark. 438.

3. The description of the land was too indefinite and uncertain to describe anything, and the defects could not be supplied by proof *aliunde.* 60 Ark. 487; 86 Ark. 443; 75 Ark. 6.

*Mahony & Yocum* and *Saye & Saye,* for appellee.

The court, in testing the sufficiency of the description, will take into consideration the entire record of the court authorizing the sale, and if the technical description is sufficiently aided by other recitals in the record to identify the lands with reasonable certainty, the sale will be upheld. 18 Cyc. 749; 41 Minn. 266; 43 N. W. 4. The section in question is a fractional section, according to the government survey, and, being shown in that survey as such, the word fractional was copied therefrom and has remained associated with the description since that time. In such case, while its use is not necessary, it is not improper, and affords a sufficient description. 128 Ark. 180; 117 Ark. 151. If, by treating the word "fractional" as surplusage, a description is sufficient, the sale will be upheld. 129 Ark. 334, 336. The fact that the acreage was incorrectly stated following the general description did not invalidate the description. 128 Ark. 180; 8 R. C. L. 1081; 13 Cyc. 635, and cases cited; 3 Ark. 18: 166 S. W. 405; 100 Ark. 105; 106 Ark. 83; 148 Ark. 623; *Id.* 634, 638. See also 142 S. W. 248; 43 So. 919. The fact that the widow's dower had not been assigned at the time of the sale did not affect the validity of the sale so far as appellant is concerned. 78 Ark. 479; 33 Ark. 306. Appellee did not seek to have the order and proceedings in the probate court reformed, but only sought reformation of the administrator's deed to conform to the proceedings of the probate court. This was within the power of the chancery court. 4 Pomeroy, Eq. Jur. § 1376, p. 3280; 85 Ark. 25; 28 Ark. 372; 92 Ark. 63. It is not material whether or not chancery had jurisdiction to reform the administrator's deed. This is a suit to quiet and confirm appellee's title, and the administrator's deed was not necessary to vest title in appellee, the title having vested upon confirmation of the sale by the probate court. Appellant could not take advantage of any defects in the administrator's deed. 19 Ark. 499.

SMITH, J. This is a suit by appellee to quiet his title to two tracts of land which were owned by one J. H. Cates at the time of his death. The complaint alleges the proceedings in the probate court whereby the administrator of Cates was directed to sell the land, and at the administrator's sale appellee, John Henry Cates, was the purchaser. This sale was duly approved and confirmed by the probate court, and on the — day of January, 1914, the administrator executed and delivered his deed to said lands to John H. Cates, and that deed was approved by the court and duly recorded. Actual and continuous possession of the land by appellee since the date of this deed was alleged and proved.

The description contained in the administrator's deed to appellee was ''frl part of NE¼ section 6, township 19 S., range 15 W., 126.81 acres; frl E½ of NW¼ section 6, township 19 S., range 15 W., 66 acres.''

It is conceded that the administrator's sale was regular in all respects except as to the description of the land. In all the court proceedings leading up to the administrator's sale the land was described as follows: ''Fractional NE¼ section 6, township 19 S., range 15 W., 126.81 acres. Fractional E½ of NW¼ section 6, township 19 S., range 15 W., 66 acres.''

The fractional E½ NW¼ section 6 was described as containing 66 acres, when, in fact, its area is 69.47 acres; but the intestate owned it all.

The area of fractional NE¼ section 6 was recited in the deed is 126.81 acres, when, in fact, that quarter section contained 141.81 acres, there being 15 acres in this quarter section owned by a man named Johnson which was never claimed by the intestate Cates.

Section 6 is shown by the government survey to be a fractional section, and the word ''fractional'' was copied from the survey, and has remained associated with the description thereof since the survey was made, and was used in the patents from the United States, and appears to have been used in the mesne conveyances.

The heirs and the administrator of J. H. Cates were made defendants. One of these heirs is Desimus Cates, who is a minor and a grandson of J. H. Cates, and there was a prayer that a guardian *ad litem* be appointed for this minor, and, upon that appointment being made, an answer was filed for him attacking the entire probate proceedings, and praying judgment for an undivided one-sixth interest in the land, this being the interest the minor has in the land if the probate sale is void. The other defendants made default, and the court granted the relief prayed, and this appeal has been prosecuted on behalf of the minor child.

The appellee contends, and the court found, that the description of the land employed in the proceedings of the probate court leading up to the execution of the administrator's deed sufficiently described the land, and that the use of the word "part" in connection with the description of the NE fractional quarter of section 6 in the administrator's deed is a mere clerical error, and does not affect the validity of the sale, and that appellee was entitled to have the administrator's deed reformed to conform to the description employed in the court proceedings.

Appellant contends that the description employed in the probate court proceedings was also insufficient, and that the sale was therefore void.

It is insisted that the abbreviation "frl.," when used in connection with a land description, is synonymous with the word "part," and when that term is used the description is void for uncertainty. A number of cases are cited in which this court has held that the word "part" is an insufficient description.

But the words "fractional" and "part" are not synonymous. In the case of *Graysonia-Nashville Lbr. Co.* v. *Wright,* 117 Ark. 151, this court held that "fractional," when used in connection with a subdivision of a section in describing it, means either that there is more or less land than is usually contained in such de-

scriptions, and generally less, in the sectionizing of same by the government survey.

It is pointed out that the fractional E½ NW¼ section 6 is described as containing 66 acres, when the correct area of this half of the quarter section is, in fact, 69.47. This difference is not of controlling importance. The description, fractional E½ NW¼ section 6, purports to convey the east half of the quarter section, and is sufficient to do so, although the acreage is not correctly stated.

In the case of *Rucker* v. *Arkansas Land & Timber Co.*, 128 Ark. 180, it was said: "A description used on taxbooks, like a description used elsewhere, has reference to government surveys, and a mere specification of the section or subdivision thereof is sufficient. If it is in fact a fractional section or subdivision, it is so indicated on the government survey, and it is unnecessary to use the word 'fractional' as a descriptive word, and, on the other hand, the improper use of the word, when the section is not fractional, does not invalidate the description. The fact that the acreage is stated incorrectly does not lessen the certainty of the description."

Counsel argues that this court, in so holding, misapplied the decision in the case of *Little Rock & Ft. Sm. Ry. Co.* v. *Evins*, 76 Ark. 261, which was there cited, for the reason that in the last-mentioned case the abbreviation "frl." followed the quarter section to which it related, whereas in the Rucker case the abbreviation "frl." preceded the quarter section to which it related.

We think this difference unimportant. "Frl. E½ NW¼ section 6" is identical in meaning with "E½ NW frl. ¼ section 6." Either description would cover all the land in the E½ NW¼ section 6, and the employment of the abbreviation "frl." would indicate only that the half of the quarter section described was of irregular size. This is the necessary effect of the two cases cited above. See also *Brinkley* v. *Halliburton*, 129 Ark. 334.

What we have just said is equally applicable to the description frl. NE ¼ section 6. It is insisted, however, that, while appellee claimed all of the E½ NW¼ section 6, he admits that he did not acquire title to 15 acres in the NE¼ section 6. This is true; but both descriptions purport to convey all the land the intestate owned in both quarter sections. The administrator sold all land owned by the intestate in both quarter sections, and there was employed throughout the court proceedings a description sufficient to cover that interest, as it included the half of one quarter section and all of the other. There is no attempt to acquire, or to cloud, the title to Johnson's 15 acres. Indeed, a description is now furnished which expressly excludes Johnson's land from the description in the deed.

The effect of the decision of the court below is that the proceedings in the probate court sufficiently described the land owned by the intestate to pass his title thereto upon the confirmation of the sale thereof; and, this being true, it was proper to so reform the administrator's deed as to properly evidence that fact. 4 Pomeroy's Eq. Jur. §§ 871 and 1376.

The decree of the court below is therefore affirmed.