## MOORE v. JACKSON.

### Opinion delivered June 9, 1924.

1. PARTITION—ADVERSE POSSESSION.—Unless a tenant in common is in possession of the land or his title is admitted, he cannot maintain a bill in equity for a partition thereof.

2. DEEDS—UNCERTAINTY OF DESCRIPTION.—A deed describing the land as "part of the fractional NW¼ of SW¼," etc., is void for uncertainty of description.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*A. D. Chavis,* for appellant.

The evidence of the marriage of James Jackson and Harriet Reynolds, and of the legitimacy of their children, is even stronger than that in *Darling* v. *Dent,* 82 Ark. 76, in which case, at page 82, it is said: "Whatever presumptions are indulged, are in favor of the legitimacy of such relationship * * * . When a man and a woman are living together as husband and wife, the law will hold them to ·be such, even against strong probabilities that they are not." See also 1 Bishop, Marriage & Divorce, § 956; 126 Ark. 123; 26 Cyc. 872-888; 131 Ark. 221, 225; 15 Ark. 555, 605; 121 Ark. 361, 367-8; 34 Ark. 518; 67 Ark. 281. As to whether or not Elijah Jackson, under the evidence in this case, is the legitimate child of James Jackson and Harriet, see C. & M. Digest, § 7040; 38 Ark. 487; 120 Ark. 209.

*Caldwell & Ross,* for appellee.

The agreed statement of facts shows that appellant got his deed from Harriet Reynolds while she was in a lawsuit over the title to, and for possession of, the lands involved in this action, and that appellant had knowledge of the pendency of such suit, and that it was pending against this appellee. This is a partition suit in chancery, and in that court partition will not be decreed when the title of the petitioner is denied, and he is not in possession. 91 Ark. 26; 27 Ark. 77; 40 Ark. 155; 44 Ark. 334. Another reason why the chancellor may have concluded that the appellant failed to prove title, and that his complaint lacked equity, is the insufficiency of the description of the land contained in the deed on which he relies. It is a void description. 117 Ark. 151.

WOOD, J. Robert Moore, plaintiff below, appellant, instituted this action on July 8, 1920, in the chancery court of Jefferson County against Henry Jackson, defendant, appellee, for partition of certain lands, which appellant describes in his amended complaint. He claims title to an undivided half interest in the following manner: James Jackson, during his lifetime, homesteaded the lands in controversy from the United States Government. Appellant alleged that Harriet Reynolds was the common-law wife of James Jackson, and they lived on the lands in controversy as their homestead. James Jackson died leaving two children by Harriet Reynolds, to-wit: Elijah and Henry Jackson. Elijah died without issue. Appellant alleged that Harriet Reynolds lived on the lands as her homestead, after the death of James Jackson, until she was driven off in 1917 by her son, Henry Jackson. Appellant alleged that Harriet Reynolds conveyed her undivided half interest to him on December 8, 1919.

The appellee, in his answer, denied that James Jackson and Harriet Reynolds were ever married, and denied that they lived together as husband and wife before or during the year 1867. He alleged that Henry Jackson

and Elijah Jackson were illegitimate, and incapable of inheriting through their father, James Jackson. He alleged that Harriet Reynolds was of unsound mind, and incapable of executing the deed of conveyance through which the appellant claims title. He further alleged that the deed from Harriet Reynolds to the appellant did not contain the legal description of the lands attempted to be conveyed. He denied that Harriet Reynolds had lived on the lands in controversy within seven years before the institution of this action, and set up that he had been in open, exclusive and adverse possession of the lands since 1895, and therefore claimed title to the same by the statute of limitations.

The court found that the appellant had failed to prove his title to the lands in controversy, and that the complaint should be dismissed for want of equity, and thereupon entered a decree quieting the title in the appellee, from which is this appeal.

1. There was an agreed statement of facts in the record to the effect that, on the 24th day of March, 1919, a suit in ejectment was instituted by Harriet Reynolds (Jackson) against the appellee, Henry Jackson, for the lands in controversy; that her deposition was taken and filed in that suit; that that action was submitted to the circuit court for consideration upon the 6th day of December, 1919, but, before any judgment was rendered therein, and about Christmas, 1919, Harriet Reynolds (Jackson) died. Whereupon, on the first day of March, 1920, a nonsuit was taken in that suit by the attorney who represented Harriet Reynolds (Jackson), and who was also the attorney for the appellant in the present suit. The deed from Harriet Reynolds to the appellant, under which he claims, was executed December 8, 1919. The testimony of the appellant in the present case shows that, at the time this deed was executed, he knew that a suit was pending by Harriet Reynolds against the appellee for the possession of the land in controversy and to establish her title thereto. The appellant alleged in his complaint that the action instituted by Harriet Reynolds

against the appellee was dismissed by entering a nonsuit. There was not a final adjudication in the action to the effect that Harriet Reynolds had title to the land in controversy. Thus the undisputed facts of this record show that it had not been adjudged, prior to the institution of this action for partition by the appellant, that he had any title to the lands in controversy as against the appellee, who was in possession and claiming title by adverse possession.

This court in *LaCotts* v. *Pike,* 91 Ark. 26, held that, unless a tenant in common is in possession of the land or his title is admitted, he cannot maintain a bill in equity for a partition thereof. In that case we said: "The party who is in possession claiming the land adversely has a right to have a trial of his cause in the law court, and, until the issue as to the title is determined, the court of equity has no jurisdiction to partition the land between alleged tenants in common." See also other cases there cited.

2. Furthermore, the deed under which the appellant claimed title describes the land as "part of the fractional NW¼ of SW¼, section 18, T. 4 S, R. 10 W, containing 77.92 acres, more or less." The deed is void for uncertainty of description. *Graysonia-Nashville Lbr. Co.* v. *Wright,* 117 Ark. 151; *Adams* v. *Edgerton,* 48 Ark. 419; *Doe* v. *Porter,* 3 Ark. 18; *Mooney* v. *Coolidge,* 30 Ark. 640; *Colonial & U. S. Mortgage Co.* v. *Lee,* 95 Ark. 129; *Scott* v. *Dunckel Box & Lbr. Co.,* 106 Ark. 83; *Mays* v. *Blair,* 120 Ark. 69.

For the above reasons the decree of the trial court dismissing the complaint for want of equity is correct, and it is therefore affirmed.