BLACKBURN *v.* BLACKBURN.

## Opinion delivered March 29, 1926.

1. EXECUTORS AND ADMINISTRATORS—SALE OF LAND FREE FROM DOWER—ESTOPPEL.—Where decedent's widow qualified as his administratrix, and to pay his debts procured an order for the sale of his land, which recited that the widow consented to take her dower in the land out of the proceeds of the sale, and she conducted the sale pursuant to such order, she will be estopped to deny that the land was sold free from her dower.

2. WITNESSES—PRIVILEGED COMMUNICATION.—In a suit to reform the deed of an administratrix, who was also decedent's widow, to show that the land conveyed therein was sold free from the widow's dower, testimony of the attorney of the administratrix that he drew up and had entered an order for the sale of decedent's land free from the widow's dower, and that by mistake the relinquishment of dower was left out of the deed executed by her, was competent, not being a privileged communication.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; reversed.

*E. P. Hardin* and *John Brizzolara,* for appellant.

*A. A. McDonald,* for appellee.

SMITH, J. This suit was brought to reform an administratrix's deed, and at the trial from which this appeal comes the following facts were developed:

W. H. Blackburn died intestate, and at the time of his death owned certain lots in the city of Fort Smith, and his wife, Mrs. Gussie Blackburn, qualified as administratrix of his estate. There were two mortgages outstanding against these lots, and certain debts were probated against the estate. The administratrix filed a petition for an order to sell the real estate in satisfaction of the probated demands, and at its July term, 1919, the probate court of the Fort Smith District of Sebastian County made an order authorizing and directing the administratrix to sell these lots. This order recites that the administratrix had no money or personal property on hand to pay the debts, and that no one contested the prayer of the petition. The probate court found that it was necessary to sell the land to pay the debts, and

directed what the terms of sale should be. This order recites that, "the widow of the said W. H. Blackburn, consenting thereto and agreeing to take her dower in said real estate out of the proceeds of said sale, said real estate will be sold free of the widow's dower."

In another order of the probate court, made at the October, 1920, term, it was recited that the intestate owned $250 worth of personalty at the time of his death, and this real estate, incumbered with two mortgages, in the execution of both of which the wife had joined, conveying her dower. The order recited the sale of the land, and what the net proceeds had been, and what the value of the wife's interest would be in both the personal property and the real estate, and upon this finding assigned dower, the order reciting that the sum declared to be the value of the dower interest "be paid by the administratrix herein out of the estate herein to the widow, Mrs. Gussie Blackburn, in full, final and complete settlement of her dower in this estate."

After selling the land the administratrix, as such, executed a deed on June 2, 1920, to Malinda Blackburn, who, on May 9, 1922, conveyed the lots by warranty deed to Mrs. Icyphenia Ann Blackburn. Mrs. Gussie Blackburn conveyed to Mrs. Malinda Blackburn only as administratrix, and there were no recitals in this deed that the dower interest was being conveyed. After receiving a deed from Mrs. Malinda Blackburn, Mrs. Icyphenia Ann Blackburn brought this suit to reform the deed of the administratrix to her grantor.

After introducing the deeds and the probate judgments referred to, the plaintiff called Mr. G. C. Hardin as a witness, and offered to prove by him that he was attorney for Mrs. Gussie Blackburn as administratrix of the estate of W. H. Blackburn, deceased, and that as her attorney he drew up and had entered the orders of the probate court referred to, and that the land was sold free of dower, but, by mistake, the relinquishment of dower was left out of the deed to Malinda Blackburn,

Objection was made to the witness testifying, and the court held the testimony incompetent.

Mrs. Gussie Blackburn, testifying in her own behalf, admitted the execution of the deed sought to be reformed, but she testified that she did not know what her rights as widow were, and that those rights were not explained to her, and that she would not have understood, had an explanation been made. She further testified that she had been requested to sign a quitclaim deed to Mrs. Blackburn, but stated that she refused to do so because her husband had a policy of insurance on his life which he intended for his children to have, but which had been made payable to his mother, who was the plaintiff in this suit. Mrs. Icyphenia Ann Blackburn collected the insurance money, and refused to pay it over as she had agreed to do. Other testimony shows the intention of the insured to change his beneficiary, but he never did so.

We regard the testimony concerning this insurance policy as unimportant. The fact is that the beneficiary was not changed in the policy, and that fact was known when the above recited orders and judgment of the probate court were rendered.

The widow, as administratrix, conducted the sale of the land pursuant to the order which recited the agreement on the part of the widow for the land to sell free of dower. On the plainest principles of equity the widow is therefore estopped to deny that her dower was sold.

We think the facts stated sufficiently appear without the testimony of the attorney, which the court excluded; but we are also of the opinion that this testimony was competent. This was not such a privileged communication as the statute prohibits an attorney from testifying about. Section 4146, C. & M. Digest, provides that all persons except those therein enumerated shall be competent to testify in civil actions, and by the fourth subdivision of this section it is provided that an attorney shall not be permitted to testify "concerning any communication made to him by his client in that relation, or his advice thereon, without the client's consent." The

communication between the attorney and the client on this subject was not intended to be confidential; on the contrary, it was a matter of which the public, and especially prospective bidders, were to be advised, to the end that the lots, when sold, should bring the highest possible price, and the excluded testimony was not therefore within either the spirit or the letter of the statute quoted. *Milan* v. *State,* 24 Ark. 346; *Nolen* v. *Harden,* 43 Ark. 307; *Vanness* v. *Vanness,* 128 Ark. 543; *Kilgo* v. *Continental Casualty Co.,* 140 Ark. 336.

The court below denied the relief prayed, and in support of that decision counsel for appellee quote from the opinion in the case of *Webb* v. *Smith,* 40 Ark. 17, the following declaration of law by Chief Justice ENGLISH: "Lands are assets in the hands of an administrator for the payment of debts. But homestead and dower rights are (in the absence of certain special liens) superior to the claims of creditors. The application of the administrator for an order of sale must be treated as an application for an order to sell the real estate to the extent that it was assets in his hands subject to the payment of debts. The question of dower and homestead was not presented to the probate court for adjudication on such application. The widow and minor heirs were not called upon by the public notice of such application to appear in the probate court and set up any right or claim to dower and homestead or either. So much of the order therefore as directed the undivided half interest of the estate in the part lot in question to be sold free of the incumbrance of dower, etc., was the exercise of an excess of jurisdiction by the probate court, and null and void, and the sale made by the administrator under it, and purchased by appellant, did not bar any right of dower which appellee had in the part lot. *Livingston* v. *Cochran,* 33 Ark. 306."

But following this statement of the law it was there also said: "There is no question of estoppel in the case. The answer alleges that appellee bid off and purchased the four homestead lots at the sale. Had it alleged that

she was personally present when the administrator offered the part lot for sale, that he proclaimed it to be sold discharged of her dower, that she had heard the proclamation, and was silent, then the question of estoppel, she being at the time a married woman and not *sui juris,* would have been presented. But such allegations are not made by the answer. See *Wood* v. *Terry,* 30 Ark. 385."

Here there is a question of estoppel. The widow must necessarily have known that the order of the probate court under which she proceeded to sell recited that, with her consent, the land would be sold free from any claim of dower, and having by the sale invited bidders thus to bid, the widow has estopped herself to question the authority of the court to make the order under which the sale was conducted.

It follows therefore that appellant should have been awarded the relief prayed, and the decree of the court below will therefore be reversed, and the cause remanded with directions to reform the deed to convey the dower. *Cates* v. *Cates,* 157 Ark. 181.